IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LUSINE BOYAJYAN,**

    **Plaintiff,**

  vs.                            **Civil Action 2:07-CV-798**
                                      **Judge Marbley**
                                      **Magistrate Judge King**

**THE COLUMBUS FINANCIAL GROUP,
INC.,** *et al.,*

    **Defendants.**

## OPINION AND ORDER

    This is a diversity action in which plaintiff, who resides in Montreal, Canada, alleges that defendants Guardian Life and its subsidiary Berkshire Life negligently issued life insurance and disability insurance policies without a waiver of premium provision and in the incorrect face amount and acted in breach of contract in denying plaintiff's claim for disability benefits, by failing to timely advise plaintiff of its decision and by rescinding the waiver of premiums benefit.  Plaintiff also asserts a bad faith claim.  Defendant Guardian has asserted a counterclaim for rescision of the waiver of premium rider on its life insurance policy, Doc. No. 5; defendant Berkshire asserts a counterclaim for recision of its disability income policy, Doc. No. 6. The action was originally filed in the Franklin County Court of Common Pleas, apparently because defendants who resided in Ohio could be sued only in this state.  Thereafter, however, the Ohio defendants were voluntarily dismissed by plaintiff. *See Notice of Voluntary Dismissal,* Doc. No. 12, and the remaining defendants, Guardian and Berkshire, removed the action to this Court.

    This matter is now before the Court on the motion of Guardian and Berkshire to change venue of the action to the Western District of

Massachusetts. Doc. No. 17. In response, plaintiff asks that this Court either retain jurisdiction over the action in order to permit plaintiff to avoid the expense and inconvenience of retaining new counsel or, in the alternative, to transfer the action to the United States District Court for the Eastern District of Virginia where, she asserts, most of the operative facts underlying her claims occurred.

The relevant facts are as follows.[1] Plaintiff, while residing and working in Virginia, initially sought insurance coverage in Virginia through Tamara Carter and Jonathan Phan, alleged to be agents of defendant Guardian. Plaintiff's mental health providers, who may be called to testify regarding some of the issues in this case, are also located in Virginia or nearby Maryland.

The disability income policy at issue in this case was underwritten and issued to plaintiff in Virginia from Berkshire's offices in Pittsfield, Massachusetts; Guardian's life insurance policy was underwritten from its offices in Bethlehem, Pennsylvania, and issued to plaintiff through its Ohio agent. Refund of plaintiff's premiums was made to plaintiff in Ohio.

The parties agree that Guardian and Berkshire could have been properly sued in either the District of Massachusetts or the Eastern District of Virginia.

Defendants' motion is made pursuant to 28 U.S.C. §1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

---

[1] In their memoranda, the parties make frequent factual assertions without evidentiary basis. Because the relevant facts appear to be essentially undisputed, however, the Court will assume the facts agreed upon by the parties.

28 U.S.C. §1404(a). The parties seeking transfer bear the burden of establishing that the balance of relevant factors weigh "strongly in favor of transfer." *Centerville ALS v. Balanced Care Corp.,* 197 F.Supp. 2d 1039, 1049 (S.D. Ohio 2002)(quoting *Nicol v. Coscinski,* 188 F.2d 537 (6th Cir. 1951)). Ultimately, however, the decision whether to transfer venue is committed to the sound discretion of the trial court. *Midwest Motor Supply Co. Inc. v. Kimball,* 761 F.Supp. 1316, 1318 (S.D. Ohio 1991).

"In ruling on a motion to transfer under §1404(a), a district court should consider the private interests of the parties, including witnesses, as well as other public interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Centerville ALF, Inc.,* 197 F.Supp. 2nd at 1049 (quoting *Moses v. Business Card Express, Inc.,* 929 F.2d 1131, 1137 (6th Cir. 1991)). While there is no definitive list of factors that must be considered in determining whether a change of venue is warranted and to what district the action should properly be transferred, a district court may consider a number of case-specific factors. *Id.* Private interest factors include:

> The relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of the premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious, and inexpensive.

*Gulf Oil v. Gilbert,* 330 U.S. 501, 508 (1947). Public interest factors include docket congestion, the burden of trial to a jurisdiction with no relation to the cause of action, the value of holding trial in a community where the public affected live, and the familiarity of the court with controlling law. *Id.*

3

a. Plaintiff's choice of forum.

In general, a plaintiff's choice of forum is entitled to substantial consideration. *Centerville ALF, Inc*., 197 F.Supp. 2nd at 1050; *Steelcase Inc. v. Mar-Mol Co., Inc.*, 210 F.Supp. 2d 920, 938 (W.D. Mich. 2002). However, where the plaintiff is, as here, an alien, the presumption favoring the plaintiff's chosen venue may be less strong. *Dealtime.com v. McNulty*, 123 F.Supp. 2d 750, 758 (S.D. N.Y. 2000). *See also Piper Aircraft Co v. Reyno*, 454 U.S. 235, 255-56 (1981) (in conducting a *forum non-conveniens* inquiry, "a foreign plaintiff's choice deserves less deference").

b.  Convenience of the parties.

Defendants contend that it would be more convenient to litigate this matter in the District of Massachusetts, where Berkshire's principal place of business is located.  That district is the closest forum even to plaintiff's current residence in Quebec, Canada, and is closer to Guardian's home offices in Bethlehem, Pennsylvania, than either the Eastern District of Virginia or the Southern District of Ohio.  While the defendants suggest that transfer to the District of Massachusetts will minimize the disruption on their corporate affairs and operations, the fact remains that only one of the two corporate defendants is principally located in Massachusetts; Guardian's principal offices are located more than 200 miles away in Pennsylvania. Moreover, many of the anticipated witnesses are located in Virginia or in close proximity to Virginia, including plaintiff's treating physicians and the original insurance agents who worked with plaintiff.

c.  Convenience of the witnesses.

"The convenience of witnesses is said to be a primary, if not the most important, factor in passing on a motion to transfer under

4

§1404(a)." *Midwest Motor Supply Co., supra,* 761 F.Supp. at 1318.  While none of the three districts considered by the parties encompasses all of the witnesses who might be expected to testify in this case, most of the witnesses not controlled by any party reside in the Eastern District of Virginia or in close proximity to that district.  Given the importance of this factor, this Court concludes that the convenience of the witnesses strongly favors transfer to the Eastern District of Virginia.

        d.  Caseload.

This Court notes that the median time from filing to trial is shorter in the Eastern District of Virginia than in either the District of Massachusetts or the Southern District of Ohio.  *See* Federal Court Management Statistics [available at http://www.uscourts.gov/cgi-din/cmsd2006.pl.](http://www.uscourts.gov/cgi-din/cmsd2006.pl)  This fact would suggest that the Eastern District of Virginia would be a more appropriate forum for the resolution of this action.

        e.  Judicial economy and other public interest factors.

It is not entirely clear whether the law of Virginia, Massachusetts or Ohio will govern the various claims asserted in this action.  However, there is no reason to believe that the trial courts in any of those districts could not capably resolve all legal issues presented by the litigation.

Considering all of the factors required under §1404(a), and placing greatest emphasis on the convenience of the witnesses expected to testify in this case, this Court concludes that transfer of the action to the Eastern District of Virginia is appropriate.

Accordingly, the motion to change venue, Doc. No. 17, is **GRANTED** in part.  Although the Court agrees with the moving defendants that transfer of the action from this district under 28 U.S.C. §1404(a)

is warranted, the Court agrees with plaintiff that, under the circumstances, it is the Eastern District of Virginia to which this action should be transferred.

      This action is hereby **ORDERED TRANSFERRED** to the United States District Courts for the Eastern District of Virginia.


December 13, 2007                  *s/Norah McCann King*
                                              Norah McCann King
                                  United States Magistrate Judge